**NOT FOR PUBLICATION**

UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY

| | |
|---|---|
| **STONE TRADING INTERNATIONAL SRL**, <br><br> Plaintiff, <br><br> v. <br><br> **STONE-TECH FABRICATIONS, INC.**, <br><br> Defendant. | Civil Action No. 21-20625 (ZNQ) (DEA) <br><br> **OPINION** |

**QURAISHI, District Judge**

**THIS MATTER** comes before the Court upon a Motion to Vacate Default Judgment filed by Defendant Stone-Tech Fabrications, Inc. ("Defendant"). (ECF No. 10.) In support of its Motion, Defendant filed a Moving Brief. ("Moving Br.", ECF No. 46-3.) Plaintiff Stone Trading International SRL ("Plaintiff") filed a brief in Opposition to Defendant's Motion ("Opp'n," ECF No. 11), to which Defendant replied ("Reply," ECF No. 12).

The Court has carefully considered the parties' submissions and decides the Motion without oral argument pursuant to Federal Rule of Civil Procedure 78 and Local Civil Rule 78.1. For the reasons set forth below, the Court will GRANT Defendant's Motion.

**I.      BACKGROUND AND PROCEDURAL HISTORY**

Plaintiff filed this action on December 21, 2021, claiming that Defendant breached multiple contracts after failing to pay Plaintiff for goods and services that it provided, amounting to $552,821.02 in overdue payments. (ECF No. 1, "Compl.") Defendant was properly served on

1

December 22, 2021. (ECF No. 3.) After Defendant failed to respond or otherwise defend against the Complaint, Plaintiff requested default against Defendant, which was subsequently entered by the Clerk on January 13, 2022. (ECF No. 5.) Thereafter, Plaintiffs submitted a petition for entry of default judgment, which this Court granted on January 21, 2022. (ECF Nos. 6, 7). Two months later, on March 17, 2022, Defendant entered an appearance, together with this Motion to Vacate the Default Judgment. (ECF. Nos. 9,10.) On April 4, 2022, Plaintiff filed its brief in Opposition (ECF No. 11), to which Defendant replied on April 11, 2022 (ECF No. 12).

## II.   LEGAL STANDARD

The court . . . may set aside a final default judgment under Rule 60(b)." Fed. R. Civ. P. 55(c). Federal Rule of Civil Procedure 60(b) provides, in relevant part, that "[o]n motion and just terms, the court may relieve a party or its legal representative from a final judgment, order, or proceeding for the following reasons: (1) mistake, inadvertence, surprise, or excusable neglect; . . . or (6) any other reason that justifies relief."

Although the Court of Appeals for the Third Circuit "has adopted a policy disfavoring default judgments and encouraging decisions on the merits, . . . the decision to vacate a default judgment is left to the sound discretion of the trial court." *Harad v. Aetna Cas. & Sur. Co.*, 839 F.2d 979, 982 (3d Cir. 1988) (citation omitted); *see also United States v. $55,518.05 in U.S. Currency*, 728 F.2d 192, 194–95 (3d Cir. 1984) ("We recognize . . . that this court does not favor entry of defaults or default judgments. We require doubtful cases to be resolved in favor of the party moving to set aside the default judgment so that cases may be decided on their merits." (citation and quotation marks omitted)).

"In exercising its discretion in granting or denying a motion to set aside a . . . default judgment under Rule 60(b)(1), the district court should consider: (1) whether the plaintiff will be

prejudiced; (2) whether the defendant has a meritorious defense; and (3) whether the default was the result of the defendant's culpable conduct." *United States v. $90,745.88 Contained in Account No. 9506826724 Held in the Name of and/or the Benefit of Amiri Mbubu Auto Sales, LLC., at Bank of Am.*, 465 F. App'x 143, 145 (3d Cir. 2012) (citation, quotations marks and textual modifications omitted).[1] This Court has recognized that the second factor—i.e., whether there is a meritorious defense—is a threshold question. *See, e.g., Days Inn Worldwide v. B.K.Y.K.-II, Inc.*, Civ. No. 16-452, 2016 WL 6126939, at *2 (D.N.J. Oct. 19, 2016); *J & H Int'l v. Karaca Zucciye Tic. San A.S.*, Civ. No. 10-3975, 2012 WL 4742176, at *2 (D.N.J. Oct. 3, 2012).

### III. DISCUSSION

#### A. PREJUDICE

First, the Court finds that Plaintiff will not be prejudiced if default judgment is vacated, as the delay is minimal. *Feliciano*, 691 F.2d at 656. Although this matter was initiated in December 2021, little has happened since then. Plaintiff argues that it will suffer prejudice because it has "expended the time and effort to secure the judgment against Defendant and allowing the judgment to be vacated will result in additional costs to the Plaintiff as recovery will be delayed." (Opposition at 6.) However, "the cost of enforcing a judgment later vacated and the delay in realizing satisfaction on a claim rarely serves to establish the degree of prejudice sufficient to prevent the opening of a default judgment." *Feliciano*, 691 F.2d at 656–57. In order to show prejudice, there must be a loss of evidence, the increased potential for collusion or a substantial reliance on the judgment, and Plaintiff has not alleged that it would suffer any of these prejudices.

---

[1] *See also Budget Blinds, Inc. v. White*, 536 F.3d 244, 256 (3d Cir. 2008) ("We require the district court to consider the following factors in exercising its discretion in granting or denying a motion to set aside... a default judgment under Rule 60(b)(1): (1) whether the plaintiff will be prejudiced; (2) whether the defendant has a meritorious defense; (3) whether the default was the result of the defendant's culpable conduct." (citation omitted)).

*See In re O'Brien Environmental Energy, Inc.*, v. *NRG Energy, Inc.*, 188 F.3d 116, 127 (3d Cir. 1999). Under these circumstances, the Court is not persuaded that Plaintiff will suffer any prejudice if default judgment is vacated.

    **B.    MERITORIOUS DEFENSE**

The Court further finds that Defendant has articulated meritorious defenses. While all three factors are relevant, the threshold question is whether the defendant has alleged a meritorious defense to the cause of action. *Resolution Trust Corp. v. Forest Grove, Inc.*, 33 F.3d 284, 288 (3d Cir. 1994). Defendants seeking to vacate a default judgment must "allege specific facts beyond simple denials or conclusionary statements." *U.S. Currency*, 728 F.2d at 195. This "standard is more stringent than that normally required for an answer to a complaint for it requires that a defendant set forth with some specificity the grounds for his defense." *Mrs. Ressler's Food Prods. v. KZY Logistics LLC*, 675 F. App'x 136, 141 (3d Cir. 2017). A meritorious defense is one that, if established at trial, would constitute a complete defense to the action. *Id.* It must allege "specific facts beyond simple denials or conclusionary statements." *Huertas v. Ameritrade, Inc.*, Civ. No. 06-1430, 2008 WL 141106, at *5 (D.N.J. Jan. 11, 2008).

Plaintiff argues that Defendant has not alleged sufficient facts beyond conclusory allegations. (Opp'n at 4–5.) However, Defendant explains that it had an ongoing issue with Plaintiff's delivery of materials to the extent that the "materials were either defective or inconsistent with Plaintiff's representation regarding their quality and color." (Moving Br. at 15.) Defendant also denies that it owes the $552,821.02 alleged by Plaintiff because the goods were defective, the payment was not yet due pursuant to the parties' agreement, and Plaintiff made material misrepresentations with respect to its goods. (*Id.* at 10.) Defendant then identifies four defenses based on its allegations, including: 1) estoppel; 2) waiver; 3) failure of consideration; and

4) frustration of purpose. (*Id*. at 16.) the Court is therefore persuaded that Defendant has established a prima facie meritorious defense by alleging sufficient facts beyond conclusory statements that, if proven at trial along with the listed defenses, would arguably establish a complete defense to the action. *See Mrs. Ressler's Food Prods.*, 675 F. App'x at 141 (holding that a mere list of defenses is sufficient to establish a meritorious defense if the facts alleged are proven at trial would arguably establish a complete defense to the action).

### C.  DEFENDANT'S CULPABILITY FOR DELAY

The final factor—Defendant's culpable conduct—also supports vacating the default judgment. Culpable conduct includes conduct that constitutes "willfulness or bad faith" and is "more than mere negligence." *Mrs. Ressler's Food Prods.*, 675 F. App'x at 142. Although "innocent mishaps or mere mistakes" do not show culpable conduct, *Nationwide Mut. Ins. Co. v. Starlight Ballroom Dance Cub, Inc.*, 175 F. Appx 519, 523 (3d Cir. 2006), "[r]eckless disregard for repeated communications from plaintiffs and the court, combined with the failure to investigate the source of a serious injury, can satisfy the culpable conduct standard." *Hritz*, 732 F.2d at 1183.

Defendant avers that it failed to timely respond to the Complaint due to serious health issues suffered by the individuals operating its business, the holidays that interfered within which Defendant should have replied, and the mistaken belief that Defendant had 35 days to respond instead of 21 days. (Moving Br. at 7–8.) Specifically, Defendant alleges that its failure to timely respond to the Complaint does not show any bad faith, but rather

> that the Complaint was served at the onset of the December holiday season, Defendant's President and its Chief Operating Officer were both dealing with significant business issues, Defendant's Chief Executive Officer. . . was dealing with significant personal health issues, and Defendant was lulled into a false sense that it would continue to discuss and negotiate with Plaintiff, that Plaintiff would conduct a visit to inspect the materials, and that the dispute could be resolved amicably without responding to the Complaint.

5

(*Id*. at 16–17.) Despite all of these issues, Defendant was still able to enter an appearance in less than 60 days after the default judgment was entered by the Court. Although Plaintiff argues that Defendant "demonstrated culpable conduct through their willful and voluntary course of inaction in defense of this matter" (Opp'n at 11), courts in the Third Circuit have repeatedly held that these errors "do not show willful, intentional, reckless, or bad faith behavior." *Gant v. Advanced Elec., Inc.*, Civ. No. 16-1954, 2017 WL 3638762, at *4 (D.N.J. Aug. 23, 2017). Accordingly, the Court finds that Defendant has met all of the requirements to vacate default judgment, and that this matter should be allowed to proceed on the merits.

### IV.     CONCLUSION

For the reasons stated above, the Court will GRANT Defendant's Motion to Vacate Default Judgment. An appropriate Order will follow.

Date: **October 31, 2022**

s/ Zahid N. Quraishi
**ZAHID N. QURAISHI**
**UNITED STATES DISTRICT JUDGE**
